IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-CV-00939-PAB-KMT

CONOR SOLAWETZ,

      Plaintiff(s),

v.

BRETT SCHROETLIN, as the duly elected Sheriff for Grand County, State of Colorado,
in his official capacity;
LUKE MCDONALD, Deputy Sheriff for Grand County, State of Colorado, in his individual and
official capacities;
DOUG HOLLADAY, Deputy Sheriff for Grand County, State of Colorado, in his individual and
official capacities; and
MARLAN ANDERSON, Deputy Sheriff for Grand County, State of Colorado, in his official
capacity,

      Defendant(s).

---

## FINAL PRETRIAL ORDER

---

## 1.    DATE OF APPEARANCES

A Telephonic Final Pretrial Conference was held before Magistrate Judge Kathleen Tafoya on

June 11, 2018 at 10:00 a.m.  The following parties appeared by counsel:

**Attorneys for the Plaintiff**:

Francis K. Culkin
1776 S. Jackson Street, Suite 411
Denver, CO 30210
Telephone:  (303) 830-1110
Cell:  (303) 887-1170
Fax: 303.863.9221
*E-mail: fculkinesq@aol.com*

1

Anthony J. DiCola
400 Byers Ave.
P.O. Box 312
Hot Sulphur Springs, CO 80451
Telephone:  (970) 725-3315
*Email:  ajdlaw@ymail.com*


**Attorney for the Defendants**:

Courtney B. Kramer
Senter Goldfarb & Rice, LLC
3900 E. Mexico Avenue, Suite 700
Denver, CO 80210
Telephone:  (303) 320-0509
Facsimile (303) 320-0210
*Email:  ckramer@sgrllc.com*


## 2.  JURISDICTION

This action arises under the Constitution and laws of the United States and the State of

Colorado including Article III, Section I of the United States Constitution and 42 U.S.C. Section 1983.

Jurisdiction is conferred on this court pursuant to 28 U.S.C. Sections 1331, 1343, and 2201.

Jurisdiction supporting Plaintiff's claim for attorney's fees and costs is conferred by 42 U.S.C. Section

1988.  This court has supplemental jurisdiction over the pendant state claims pursuant to 28 U.S.C.

Section 1367.

Venue is proper in the district of Colorado pursuant to 28 U.S.C. Section 1391(b).  All the

events alleged herein occurred within the State of Colorado, and all the parties are residents of the

state.


## 3.  CLAIMS AND DEFENSES

### a.        Plaintiff(s):

Plaintiff contends the following:

Doug Holladay ("Holladay"), Luke McDonald ("McDonald") and Marlan Anderson ("Anderson") were Grand County law enforcement officers performing traditional law enforcement functions at all relevant times. Brett Schroetlin ("Schroetlin") was the Sheriff of Grand County who at all times acted under color of law and was charged with determination and implementation of the policies and practices of the Grand County Sheriff's Office including but not limited to policies regarding training Deputy sheriffs, policies regarding the use of taser weapons and policies regarding the treatment of mentally ill and/or intoxicated individuals. On January 24, 2016, Connor Solawetz ("Solawetz") was booked into the Grand County Jail on charges of driving under the influence, underage consumption of marijuana and illegal possession of narcotic paraphernalia. The driving under the influence and underage consumption of marijuana charges were subsequently dismissed. During the booking process, Solawetz acted strangely and irrationally. He was bleeding from the site of a blood draw from his right arm. Solawetz was not provided with medical care for his apparent mental illness. Instead, he was placed in a so called "suicide cell". Once inside the cell Solawetz tied a sock around his right arm as the result of a delusional belief that he was stopping poison from a blood draw traveling from his right arm into his body. Defendant Anderson ordered Solawetz to remove the sock from his arm. When Solawetz failed to remove the sock from his right arm, Anderson sought the assistance of Defendants Holladay and McDonald.

The three officers entered the "suicide cell". They found Solawetz kneeing on the floor in a fetal like position gripping a drainage grate that was welded into the floor. Solawetz made no attempt to strike, bite, kick, or threaten any of the three deputies. When Solawetz failed to remove the sock from his right arm, Holladay first applied the taser to Solawetz's chest and then to his back. McDonald held Solawetz while the taser was applied to him. The actions of Holladay, McDonald and Anderson

3

deprived Solawetz of his rights under the Fourteenth Amendment to the Constitution of the United States in that they used unreasonable force.

The use of unreasonable force by the individual deputies was the result of the policy and practice maintained by the Grand County Sheriff's Department under the supervision of Defendant Schroetlin regarding the treatment of mentally ill and/or intoxicated individuals and regarding the excessive use of taser weapons. The Grand County Sheriff's Department had no written policy regarding dealing with mentally ill or intoxicated individuals. Neither did the Grand County Sheriff's Department, during the relevant time period, provide training for deputies in dealing with mentally ill or intoxicated individuals. The written protocols regarding use of taser weapons were unclear and did not provide adequate guidance to deputies regarding the use of taser weapons on individuals who failed to obey the deputy's commands. The taser officer of the Grand County Sheriff's office failed to provide deputies with current information regarding reasonable use of taser weapons by failing to timely inform deputies on the contents of Axon/Taser informational bulletin.

Solawetz contends that he suffered damages as are provided for under 42 U.S.C. 1983 and under Colorado state law.

These compensatory damages include, but are not limited to pain and suffering, emotional damages, loss of past earnings and future lost earnings, loss of enjoyment of life and such other damages as are applicable either by statute or common law. Damages include but not limited to: loss of an academic scholarship to Montana State University, the cost of past medical care, the cost of future medical care, and past and future economic loss stemming from the delay in Solawetz's education.

      **b.**    **Defendants:**

Defendants deny Plaintiff's substantive allegations.  Plaintiff was arrested by Colorado State

4

Patrol for drug-related issues. He was acting strangely during his interaction with state troopers and deputies but at no time was believed to be in need of medical attention or considered to be a danger to himself or others.

When he was taken to the Grand County Jail, Plaintiff refused to change into jail-issued clothes but instead ran around the booking room, scattering papers and acting strangely. After he became cooperative, Plaintiff was placed in S1 and monitored continually via video footage. At no time did he request medical assistance or display a need for medical attention. Rather, Plaintiff's behavior continued to be indicative of being under the influence of drugs. Plaintiff continued to behave strangely in the cell, including examining his arm for an extensive period of time, playing with a grate in the floor and running around the cell naked. Eventually, Plaintiff removed his two socks and shirt and made a tight tourniquet around his arm, in an effort to cut off blood flow to his hand. Deputy Anderson immediately directed Plaintiff to remove the tourniquet out of concern for Plaintiff's safety. Plaintiff refused to do so and told Deputy Anderson to go away. As the only floor deputy on duty, Deputy Anderson called two patrol deputies for assistance. Deputies McDonald and Holladay accompanied Deputy Anderson to the cell and again attempted to negotiate verbally with Plaintiff to remove the tourniquet. After numerous refusals to comply with their requests, the Deputies entered the cell and attempted to remove the tourniquet themselves. Plaintiff actively resisted and took hold of the grate in the floor. Deputies again gave Plaintiff opportunities to comply with their requests and warned that failure to comply could result in use of the Taser. The Deputies observed Plaintiff's arm change color due to lack of blood flow. Out of concern for his safety and given Plaintiff's continued refusal to comply, Deputy Holladay applied his Taser in "drive-stun" mode for approximately two to three second. Plaintiff then gave Deputies

his clothing and changed into a smock provided by the Deputies.

Defendants deny that the Sheriff's Office provided inadequate training regarding the constitutional use of force, use of the TASER or mental illness. Defendants further deny that the force used was excessive and deny that they assaulted Plaintiff in violation of Colorado law.

Defendants continue to assert the following defenses: (1) Plaintiff's alleged damages were caused by his own acts and conduct and not by reason of any tortious or unconstitutional conduct of any Defendant; (2) Plaintiff has failed to mitigate his damages, if any; (3) Plaintiff's damages are not to the nature and extent alleged; (4) Plaintiff's damages are the result of pre-existing and subsequent injury; (5) Defendants are entitled to qualified immunity; (7) Defendants are entitled to sovereign immunity and/or qualified immunity under Colorado law.

## 4.  STIPULATIONS

The parties stipulate to the following facts:

1.      Jurisdiction and venue are proper.

2.      Deputies Doug Holladay, Luke McDonald, and Marlan Anderson were Grand County Sheriff's Deputies acting under the color of state law at all relevant times.

3.      Sheriff Brett Schroetlin was the Grand County Sheriff acting at all times under color of law.

4.      Solawetz acted strangely and irrationally before the booking process, during the booking process and all relevant times subsequent to the booking process.

## 5.  PENDING MOTIONS

The defendants have filed a Motion for Summary Judgment on April 20, 2018. [Dkt. #59]. The plaintiff has filed a Response for Summary Judgment on May 24, 2018. [Dkt. #71]. Defendants' reply

brief is currently due on June 7, 2018.

### 6. WITNESSES

**Plaintiffs' Witnesses**

    a.   The following non-expert witnesses <u>will</u> be present at trial: *See* Plaintiff's Witness List, attached as **Exhibit A**.

    b.   The following non-expert witnesses <u>may</u> be present at trial: *See* Plaintiff's Witness List, attached as **Exhibit A.**

        1.   Any additional witness(es) necessary for impeachment, rebuttal, or authentication.

    c.   The following expert witnesses will or may be called at trial: *See* Plaintiff's Witness List, attached as **Exhibit A.**

**Defendants' Witnesses**

    a.   The following non-expert witnesses <u>will</u> be present at trial: *See* Defendants' Witness List, attached as **Exhibit B.**

    b.   The following non-expert witnesses <u>may</u> be present at trial: *See* Defendants' Witness List, attached as **Exhibit B.**

        1.   Any additional witness(es) necessary for impeachment, rebuttal, or authentication.

    c.   The following expert witnesses may or will be called at trial: *See* Defendants' Witness List, attached as **Exhibit B.**

 * Both Parties reserve the right to edit or modify the preliminary exhibit lists attached hereto.

### 7.  EXHIBITS

    a.      Exhibits to be used at trial:

      (1)    Plaintiff:     *See* Plaintiff's Exhibit List, attached as **Exhibit C.**

      (2)    Defendants:   *See* Defendants' Exhibit List, attached as **Exhibit D.**

    b.      Copies of Listed exhibits must be provided to opposing counsel no later than 30 days

before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits (in electronic or hard copy form, whichever comes first) are provided to opposing counsel.

c.        The Parties have stipulated to the authenticity of all exhibits being offered. Objections can still be made regarding admissibility of the exhibit.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

Defendants object to Plaintiff's witness list to the extent Dr. Adam Richmond is listed as a may call expert witness. Dr. Richmond was never disclosed by Plaintiff in any respect and was never disclosed as an expert witness pursuant to Fed.R.Civ.P. 26(a)(2). Because Defendants had no notice of this individual or opportunity to conduct discovery regarding his knowledge, he should not be permitted to testify as a lay witness or an expert witness. Defendants further object to Plaintiff's inclusion of non-identified "before and after witnesses" as individuals must be listed with specificity. Additionally, Plaintiff never disclosed "a non-family member, friend, high school teacher, or high school coach who can testify to Connor Solawetz's activities" in advance of the discovery cut-off.

## 10. SETTLEMENT

a. Counsel for the parties and any *pro se* party met *(by telephone)* on June 1, 2018, to discuss in good faith the settlement of the case.

b. No offers of settlement were made during this conference.

c. Counsel for the parties and any pro se party do intend to hold future settlement conferences.

d. It appears from the discussion by all counsel and any pro se party that there is some possibility of settlement.

e. Counsel for the parties and any pro se party considered ADR in accordance with D.C.COLO.LCivR.16.6

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings

## 13. TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

1.  Trial is to a jury.

2.  Trial is expected to take five (5) days.

3.  Trial will be held before the Honorable Philip A. Brimmer in Courtroom A-701, Alfred A. Arraj

    United States Courthouse, 901 19th Street, Denver, Colorado. No date has been set.

DATED this ____ day of _____, 2018.   *Jun 07, 2018*

BY THE COURT:

_____
United States Magistrate Judge
**Kathleen M. Tafoya**
**United States Magistrate Judge**

APPROVED

s/_____
*Anthony J. DiCola*
400 Byers Ave.
P.O. Box 312
Hot Sulphur Springs, CO 80451
Telephone: (970) 725-3315
*E-mail: ajdlaw@ymail.com*

s/_____
*Courtney B. Kramer*
Senter Goldfarb & Rice, LLC
3900 E. Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
*E-mail: ckramer@sgrllc.com*

9

s/_____
**_Francis K. Culkin_**
1776 S. Jackson Street, Suite 411
Denver, CO 80210
Phone: 303.830.1110
Cell: 303.887.1170
Fax: 303.863.9221
_E-mail: fculkinesq@aol.com_
_Attorneys for Plaintiff_

## PLAINTIFF'S WITNESS LIST

### CONOR SOLAWETZ, v. BRETT SCHROETLIN, et al. CASE NO: 17-CV-00939-PAB-KMT

| Witness Name | Description of Testimony | Time on Direct |
|---|---|---|
| **Will Call Non-Expert Witnesses** | | |
| **Connor Solawetz** | Connor Solawetz will testify regarding his trip from Evergreen to Grand County. He will testify regarding of the breakdown of the truck he was driving, his contacts with State Trooper Erickson, his arrest, his blood draw, and his transfer to the Grand County jail. He will testify to his experiences in the so-called suicide cell. He will testify regarding his contacts with Deputy Anderson. He will testify regarding his position in the suicide cell kneeling on the floor and grasping the grate when tased. He will also testify to his experience in the suicide cell and other confinement until he was | |

10

| | | |
|---|---|---|
| | released to his parents.<br><br>In addition, he will testify regarding his medical treatment subsequent to being released from Grand County. In particular he will testify to his attempts to return to school and employment. Solawetz will also testify regarding his activities in high school and his attendance at Montana State University. He will testify regarding a scholarship he had received from Montana State University. He will testify regarding his present condition and activities and other aspects of damages. | |
| **Steve Solawetz** | Steve Solawetz is Connor's father. He will testify regarding his son's condition when released from the Grand County jail. He also has knowledge and information concerning his son's emotional and economical damages. He will testify regarding his son's activities before and after being tased by the Grand County Sheriff's office. He will testify regarding his son's past and current condition and other aspects of damages. | |
| **Kellie Solawetz** | Kellie Solawetz is Connor's mother. She will testify regarding her son's condition when released from the Grand County jail. She also has knowledge and | |

| | | |
|---|---|---|
| | information concerning her son's emotional and economical damages. She will testify regarding her son's activities before and after being tased by the Grand County Sheriff's office. She will testify regarding her son's past and current condition and other aspects of damages. | |
| **Will Call Expert Witnesses** | | |
| **Shauna Casement, Psy.D** | Dr. Shauna Casement is a psychologist. She has been designated as one of Plaintiff's experts. She will testify in a fashion consistent with her expert report and her deposition testimony. | |
| **Dan Montgomery** | Dan Montgomery is the former Police Chief of Westminster, Colorado. He is designated as one of Plaintiff's experts. He will testify in a fashion consistent with his expert report, his deposition testimony, and his affidavit filed as an exhibit to Plaintiff's Response to Defense's Motion for Summary Judgment. His CV is bates numbered (PLAINTIFF 000926-937) | |
| **May Call Non-Expert Witnesses*** | | |
| **John Erickson** | John Erickson will testify regarding the facts and circumstances of his contact with Connor Solawetz including but | |

| | | |
|---|---|---|
| | not limited to Solawetz's eccentric behavior. | |
| **Marlan Anderson** | Marlan Anderson will testify regarding the facts and circumstances of his contact with Connor Solawetz including but not limited to his observations of eccentric behavior and also the tasing of Connor Solawetz by Doug Holladay. He will also testify regarding any training he received in the use of taser weapons and in the appropriate methods for dealing with mentally ill and/or intoxicated individuals. He will also testify as to whether he was informed of the contents of any bulletins from by Axon/Taser International received by Deputy Nathan Rector. | |
| **Luke McDonald** | Luke McDonald will testify regarding the facts and circumstances of his contact with Connor Solawetz including but not limited to the tasing of Connor Solawetz by Doug Holladay. He will also testify regarding any training he received in the use of taser weapons and in the appropriate methods for dealing with mentally ill and/or intoxicated individuals. He will also testify as to whether he was informed of the contents of any bulletins from by Axon/Taser International received by Deputy Nathan Rector. | |

| | | |
|---|---|---|
| **Doug Holladay** | Doug Holladay will testify regarding the facts and circumstances of his contact with Connor Solawetz including but not limited to his decision to use and his use of a taser weapon against Connor Solawetz. He will also testify regarding any training he received in the use of taser weapons and any training he received with regard to dealing with mentally ill and/or intoxicated individuals. He will also testify as to whether he was informed of the contents of any bulletins from by Axon/Taser International received by Deputy Nathan Rector. | |
| **Nathan Rector** | Nathan Rector is the taser officer for the Grand County Sheriff's department. He will testify regarding the training he administered to Deputy Sheriffs in the use of taser weapons. He will also testify regarding his practices regarding disseminating the contents of Axon/Taser International informational bulletins to deputies in general and in particular to the Defendant Deputies in this case. | |
| **Kyndra Gore** | Kyndra Gore is a lieutenant in the Grand County Sheriff's Department. She is the administrator of the Grand County jail. She will testify regarding practices and | |

| | | |
|---|---|---|
| | procedures in the Grand County jail regarding mentally ill and/or intoxicated inmates. She will also testify regarding practices and procedures in the Grand County jail regarding the use of taser weapons. Finally, she will testify regarding her own dealings with Connor Solawetz and her opinion on whether he was mentally ill. | |
| **Carman Frattura** | Carmen Frattura was a Granby Police Officer. She will testify regarding her observations of Connor Solawtez as she assisted Trooper John Erickson in his response to a motorist in need of assistance. She will also testify regarding her attempts to contact Connor Solawetz's parents. | |
| **Before and After Witness** | A non-family member, friend, high school teacher, or high school coach who can testify to Connor Solawetz's activities before and after being tased. | |
| **May Call Expert Witnesses*** | | |
| **Adam Richmond, MD** | Dr. Adam Richmond, MD is a psychiatrist who treated Connor Solawetz at Denver Springs. He will testify regarding his care, treatment, and opinions. | |

## DEFENDANTS' WITNESS LIST

**CONOR SOLAWETZ, v. BRETT SCHROETLIN, et al. CASE NO: 17-CV-00939-PAB-KMT**

| Witness Name | Description of Testimony | Time on Direct |
|---|---|---|
| **Will Call Non-Expert Witnesses** | Marlan Anderson. Deputy Anderson had several interactions with Plaintiff on January 24, 2016 and in the early morning hours of January 25, 2016. He observed the use of the drive stun TASER application and will testify in person regarding his communications with and observations of Plaintiff. As he is only named in his official capacity, he will also testify about the lack of supervisory authority he has over other Deputies, including Deputies Holladay and McDonald. | |
| | John Erickson. Trooper Erickson conducted the initial traffic stop of Plaintiff and called for agency assistance from the Grand County Sheriff's Office. Trooper Erickson will testify in person regarding his observations of and interactions with Plaintiff. | |
| | Douglas Holladay. Deputy Holladay will testify in person regarding his interactions with Plaintiff on January 25, 2016 and his use of the TASER. He will testify regarding his efforts made to obtain compliance and that the | |

| | | |
|---|---|---|
| | force used was not excessive but warranted under the circumstances. | |
| | Luke McDonald.  Deputy McDonald will testify in person regarding his interactions with Plaintiff on January 25, 2016 and his observations of other Deputies' interactions. He will testify regarding the efforts made to protect Plaintiff and that the force used was not excessive. | |
| | Brett Schroetlin.  Sheriff Schroetlin will testify in person regarding Grand County Jail and Sheriff Officer protocols, policies and procedures as well as his knowledge of the events on January 25, 2016. | |
| **May Call Non-Expert Witnesses*** | Kyndra Gore. Lieutenant Gore may testify in person regarding her observations of Plaintiff as well as her review of the situation.  She will also testify about the events of January 25, 2016 and her interaction with Plaintiff. | |
| | Carmen Frattura. Ms. Frattura was an officer with the Granby Police Department. She may testify in person regarding her interaction with and observations of Plaintiff on January 24, 2016. | |
| | Eric Johnson. Trooper Johnson may testify in person regarding | |

| | |
|---|---|
| his observations of and interaction with Plaintiff on January 24, 2016. | |
| Dan Mayer. Lieutenant Mayer may testify in person regarding his interaction with Plaintiff and his parents at the Grand County Jail on January 25, 2016, including the accommodations made for Plaintiff based on his continued behavior. | |
| Wayne Schafer.  Undersheriff Schafer may testify in person regarding his observations of Plaintiff while he was in the Grand County Jail and his review of actions taken by Deputies during that time period. | |
| Lance Schofield. Sergeant Schofield may testify in person regarding the events involving Plaintiff on January 25, 2016 as well as his review of the use of force. | |
| Connor Solawetz. Plaintiff may testify in person regarding the events leading to his arrest, his actions and behavior while in the Grand County Jail and his alleged damages, including use of drugs and effect of same. | |
| Nate Rector.  Deputy Rector may testify in person regarding TASER training and information from TASER | |

18

| | | |
|---|---|---|
| | International/Axxon. | |
| | Any witness necessary to lay a foundation for an exhibit. | |
| | Any witness necessary for rebuttal testimony. | |
| **Will Call Expert Witnesses** | None. | |
| **May Call Expert Witnesses** | Stephanie Roberts, LPC, Lutheran Medical Center, 3400 Lutheran Pkwy., Wheat Ridge, CO 80033; telephone: (303) 425-4500. Stephanie Roberts is a Licensed Professional Counselor at Lutheran Medical Center. She performed a behavioral health consultation on Plaintiff on January 26, 2016, in the days following the incident giving rise to this litigation. She will testify regarding the cause of Plaintiff's damages and the extent and nature of his diagnoses. | |
| | Amber Lynn Johnson, MD, West Pines Behavioral Health Center, 3400 Lutheran Pkwy., Wheat Ridge, CO 80033; telephone: (303) 467-4080. Dr. Johnson was the lead physician who provided treatment to Plaintiff during the course of his inpatient stay at West Pines Behavioral Health Center from January 27, 2016 until February 1, 2016. She will testify regarding the cause of Plaintiff's alleged injuries. | |

19

|  | Kelsey Whittlesey, MA, LPC, LAC, Jefferson Center for Mental Health, 4851 Independence St., #100, Wheat Ridge, CO 80033; telephone: (303) 425-0300. Kelsey Whittlesey provided therapy to Plaintiff during several of his visits to Jefferson Center for Mental Health between February 15, 2016 and June 17, 2016. She will testify regarding her treatment of Plaintiff and his alleged damages. |  |
|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| **PLAINTIFF'S EXHIBIT LIST\*** | | | | | | |
| **CONOR SOLAWETZ, v. BRETT SCHROETLIN, et al. CASE NO: 17-CV-00939-PAB-KMT** | | | | | | |
| **Ex. #** | **Witness** | **Description** | **Stipulated** | **Received** | **Rejected** | **Ruling Reserved** |
| | | **Solawetz Combined Video by Date/Time Order (Exhibit 40 to Conventionally filed Exhibit to Plaintiff's Response to Defendants' Motion for Summary Judgment)** | | | | |
| | | **2 still photographs of chest and back taser strikes (Exhibit 42 to Plaintiff's Response to Defendants' Motion for Summary Judgment) (Photos taken from Bates 44-46)** | | | | |
| | | **Body worn camera footage taken by Officer Carment Frattura of the Grandview Police Department (Exhibit 43 to Conventionally filed Exhibit to Plaintiff's Response to Defendants' Motion for Summary Judgment. Bates Stamped PLAINTIFF 43)** | | | | |
| | | **Axon/Taser Bulletin (PLAINTIFF 000785-787)** | | | | |
| | | **Graduation Records from Evergreen High School (PLAINTIFF 000867)** | | | | |
| | | **ACT Scores (PLAINTIFF 000868)** | | | | |
| | | **Freshman Montana State Grades (PLAINTIFF 000788)** | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | **Documentation of Scholarship at Montana State** | | | |
| | | **C.B.I. Forensic services lab report (PLAINTIFF 41)** | | | |
| | | **Solawetz family photographs** | | | |
| | | **Photographs, Connor Solawetz's athletic activities** | | | |
| | | **Montgomery Affidavit (Exhibit 18 to Plaintiff's Reply to Summary Judgment)** | | | |
| | | **Evergreen Fire Rescue Medical Records (PLAINTIFF 000187-192)** | | | |
| | | **Evergreen Fire Rescue Billing Records** | | | |
| | | **Lutheran Medical Center Medical Records (PLAINTIFF 000255-447)** | | | |
| | | **Lutheran Medical Center Billing Records** | | | |
| | | **West Pines Medical Records (PLAINTIFF 000047-186)** | | | |
| | | **West Pines Billing Records** | | | |
| | | **Jefferson Center for Mental Health Medical Records (PLAINTIFF 000193-254)** | | | |
| | | **Jefferson Center for Mental Health Billing Records** | | | |
| | | **Dr. Shauna Casement Records (PLAINTIFF 000948-977)** | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | **Boulder Community Hospital Medical Records (PLAINTIFF 000716-764, PLAINTIFF 000765)** | | | |
| | | **Boulder Community Hospital Billing Records** | | | |
| | | **St. Anthony Hospital Medical Records (PLAINTIFF 000577-641)** | | | |
| | | **St. Anthony Hospital Billing Records** | | | |
| | | **Denver Springs Hospital Medical Records (PLAINTIFF 0000448-552)** | | | |
| | | **Denver Springs Hospital Billing Records** | | | |
| | | **Video Surveillance of Connor Solawetz in custody (PLAINTIFF 44-46)** | | | |
| **\* Plaintiff reserves the right to amend this list prior to trial** | | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-CV-00939-PAB-KMT

CONOR SOLAWETZ,

     Plaintiff(s),

v.

BRETT SCHROETLIN, as the duly elected Sheriff for Grand County, State of Colorado,
in his official capacity;
LUKE MCDONALD, Deputy Sheriff for Grand County, State of Colorado, in his individual and
official capacities;
DOUG HOLLADAY, Deputy Sheriff for Grand County, State of Colorado, in his individual and
official capacities; and
MARLAN ANDERSON, Deputy Sheriff for Grand County, State of Colorado, in his official
capacity,

     Defendant(s).

---

## DEFENDANTS' EXHIBIT LIST

---

Defendants, **BRETT SCHROETLIN**, **LUKE MCDONALD**, **DOUG HOLLADAY**, and

**MARLAN ANDERSON**, by their counsel, **COURTNEY B. KRAMER** of **SENTER**

**GOLDFARB & RICE, LLC**, hereby submit their Exhibit List for trial.

| Letter | Description | Stipulated | In | Out |
|--------|-------------|------------|-----|-----|
| A. | Video surveillance from Grand County Jail from 1/24/16-1/25/16. [Solawetz.GrandCounty 38-40]. | | | |
| B. | Connor Solawetz Bond Form. [Solawetz.GrandCounty 201]. | | | |
| C. | Connor Solawetz Booking Report. [Solawetz.GrandCounty 202-205]. | | | |

**EXHIBIT D**

| | | | | |
|---|---|---|---|---|
| D. | Connor Solawetz Medical Questionnaire. [Solawetz.GrandCounty 206]. | | | |
| E. | Grand County Sheriff's Office Movement Log re: Connor Solawetz. [Solawetz.GrandCounty 207]. | | | |
| F. | Jail Logs pertaining to Connor Solawetz, dated 1/25-25 /16. [Solawetz.GrandCounty 208]. | | | |
| G. | Medical Record dated 1/26/16 from Lutheran Medical Center. [PLAINTIFF 260-264; 47-53]. | | | |
| H. | Intake Assessment from Jefferson Center, dated 2/15/16. [Depo. Ex. 15]. | | | |
| I. | Evergreen Fire/Rescue/EMS Patient Care Report, dated 1/26/16. [Depo. Ex. 16]. | | | |
| J. | Lutheran Medical Center notes. [Depo. Ex. 17]. | | | |
| K. | Lutheran Medical Center notes. [Depo. Ex. 18]. | | | |
| L. | Lutheran Medical Center notes. [Depo. Ex. 19]. | | | |
| M. | ED Clinical notes, dated 8/1/17. [Depo. Ex. 23]. | | | |
| N. | Lutheran Medical Center ED notes, dated 8/3/17. [Depo. Ex. 24]. | | | |
| O. | Any Exhibit needed for impeachment or rebuttal purposes. | | | |

**EXHIBIT D**